Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa

Central Division

|  |  |
|---|---|
| Gregory Joseph Ward | Case No. _____ <br> *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☐ Yes ☒ No |
| -v- | |
| Meredith Corporation/Life Care Services (LCS) | |
| *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Gregory Joseph Ward |
   | Street Address | 3906 Greenview Drive |
   | City and County | Urbandale, Polk County |
   | State and Zip Code | Iowa, 50322-2162 |
   | Telephone Number | (515) 371-4108 |
   | E-mail Address | gward380@gmail.com |

**B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Meredith Corporation (MDP) |
| Job or Title *(if known)* | |
| Street Address | 1716 Locust Street |
| City and County | Des Moines, Polk County |
| State and Zip Code | Iowa, 50309-3023 |
| Telephone Number | (515) 284-3000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Life Care Services (LCS) |
| Job or Title *(if known)* | |
| Street Address | 400 Locust Street, Suite 820 |
| City and County | Des Moines, Polk County |
| State and Zip Code | Iowa, 50309-2334 |
| Telephone Number | (515) 875-4500 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Telephone Number

E-mail Address *(if known)*

C. **Place of Employment**

The address at which I am employed or was employed by the defendant(s) is

| | |
|---|---|
| Name | Meredith Corporation/Life Care Services (LCS) |
| Street Address | 1716 Locust Street/400 Locust Street, Suite 820 |
| City and County | Des Moines, Polk County/Des Moines, Polk County |
| State and Zip Code | Iowa, 50309-3023/Iowa, 50309-2334 |
| Telephone Number | (515) 284-3000/(515) 875-4500 |

II. **Basis for Jurisdiction**

This action is brought pursuant to *(check all that apply)*:

☒ Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 to 209.
☐ Relevant state law
☐ Relevant city or county law

III. **Statement of Claim**

State as briefly as possible the facts of your case. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Nature of employer's business:

Media for Meredith Corporation; Senior Living Facilities Management for LCS.

B. Dates of employment:

Meredith Corporation:
03/26/2018 - 10/07/2018 (full-time contract-to-hire)
10/08/2018 - 11/13/2020 (full-time permanent)

LCS:
12/07/2020 - 02/01/2021

C. Employee's job title and a description of the kind of work done:

Meredith Corporation:
SOX Compliance Manager from 03/26/2018 - 10/07/2018;
Senior Compliance Analyst from 10/08/2018 - 11/13/2020
Manage risk and control documentation for the company, including the quarterly control certification process, as well as policy administration.

LCS:
Senior Strategic Financial Risk & Control Manager from 12/07/2020 - 02/01/2021
Manage audit-related activities, as well as other yet-to-be-defined tasks.

D. Rate, method, and frequency of wage payment:

Meredith Corporation: Exempt salaried employee of $84,000 per annum, paid bi-weekly;

LCS: Exempt salaried employee of $95,000 per annum with a 15% bonus ($109,250 total), paid bi-weekly.

E. Number of hours actually worked each week in which a violation is claimed:
40

F. Description of the alleged violation(s) *(check all that apply)*:

☐ Failure to pay the minimum wage *(explain)*

☐ Failure to pay required overtime *(explain)*

☒ Other violation(s) *(explain)*

The Fair Labor Standards Act (FLSA) Federal legislation protects workers from unfair labor practices in the United States. As a component of the Act:
Retaliation is Prohibited - Employees who have filed complaints or provided information cannot be discriminated against or discharged on account of such activity. If adverse action is taken against an employee for engaging in protected activity, the affected employee or the Secretary of Labor may file suit for relief, including reinstatement to his/her job, payment of lost wages, and damages.

G. Date(s) of the alleged violation(s):

01/21/2021 - 02/01/2021

H. Additional facts:

1) On 07/10/2020, Gregory Joseph Ward contacted Kandis Bock, VP of HR, Meredith Corporation, with a complaint related to mismanagement by his Meredith-assigned supervisor, Benjamin Eugene Currie. In support of the complaint, Mr. Ward forwarded 60+ files to Ms. Bock.

2) In late July 2020, Kandis Bock, VP of HR, Meredith Corporation, performed an investigation of Gregory Joseph Ward's complaint and agreed that mismanagement had occurred, following which, upon consultation with Steve Cappaert, SVP/Controller, Meredith Corporation, and Mike Masiello, Director, Risk & Controls, Meredith Corporation, Mr. Ward was placed under the supervision of Mr. Masiello.

3) On 11/13/2020, Gregory Joseph Ward voluntarily left Meredith Corporation as a Senior Compliance Analyst – from all accounts, on good terms - for another opportunity (final salary was ~$84,000 per annum, with no bonus). On 12/07/2020, Mr. Ward began employment with Life Care Services (LCS) as a Senior Strategic Financial Risk & Control Manager (beginning salary was $95,000 per annum with a 15% bonus - $109,250 in total per annum). There was a three week gap between Mr. Ward's end-date with Meredith Corporation and his start-date with LCS.

4) On or about 01/21/2021 - 2.5 months after Gregory Joseph Ward's departure, and just prior to his own departure - a "Whistleblower" call was instigated by Benjamin Eugene Currie to Meredith Corporation management (this was confirmed to Mr. Ward by Meredith Corporation's Internal Audit personnel in September 2021), which, shortly thereafter, led to Meredith Corporation issuing joint Cease & Desist letters to both Gregory Joseph Ward and, adversely for Mr. Ward, his new employer (LCS) on or about 01/25/2021, a business-day or two after the mendacious call from Currie. So, effectively, and without question, Benjamin Eugene Currie, Mr. Ward's Meredith-assigned supervisor from 10/8/2018 – July 2020, was directly involved in what was de facto retaliation for the complaint that Mr. Ward filed with Meredith Corporation's VP of HR in July 2020 concerning Currie's mismanagment - which, first, was proven to be true by Meredith Corporation HR; and which, second, made Mr. Ward an "affected and protected" individual as defined by the Fair Labor Standards Act of 1938 - following which, Mr. Ward, due to the hyperbolic, personally-harmful corporate actions and practices demonstrated, in this case, in late January 2021, by Meredith Corporation, was materially, adversely affected via loss of his employment with LCS (see 7) below).

5) On 01/29/2021, Mr. Ward, on bereavement leave, was notified by his LCS supervisor, Ross Kelderman, that, in response to the earlier-in-the-week communication between Meredith Corporation and LCS (that, heretofore, Mr. Ward was unaware of), he was being placed on immediate "paid suspension" while his computer was "under investigation".

6) With no obvious context of why Mr. Ward's LCS-issued computer might suddenly be "under investigation" – which, needless to say, is an uncommon business event - Mr. Kelderman verbally expressed hope on 01/29/2021 that it wasn't related to "porn", which, to protect his reputation (which was suprisingly, clearly under assault by Meredith Corporation), prompted Mr. Ward to immediately divulge his earlier-in-the-week communications with Meredith, and the fact that Mr. Ward had filed a complaint with Meredith HR in July 2020 concerning the mismanagement by his Meredith-assigned supervisor (which, heretofore, Mr. Ward had been naturally loathe to reveal to his LCS supervisor).

7) On 02/01/2021, Gregory Joseph Ward met on the phone with Julie Baker and Ross Kelderman, LCS, during which Mr. Ward was summarily dismissed from employment with LCS. Mr. Ward inquired of Ms. Baker if "we would be having this conversation if not for Meredith Corporation contacting LCS last week", and Ms. Baker responded: "no, we would not".

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Special Damages are readily quantifiable via Mr. Ward's loss of gainful employment with LCS:

| Year | Lost Comp | Health Ins/Other Benefits/Lost 401k match | Special Damages |
|---|---|---|---|
| 2021 | 109,250.00 | 18,000.00 | |
| 2022 | 112,527.50 | 18,000.00 | |
| 2023 | 115,903.33 | 18,000.00 | |
| 2024 | 119,380.42 | 18,000.00 | |
| 2025 | 122,961.84 | 18,000.00 | |
| 2026 | 126,650.69 | 18,000.00 | |
| 2027 | 130,450.21 | 18,000.00 | |
| 2028 | 134,363.72 | 18,000.00 | |
| | 971,487.71 | 144,000.00 | 1,115,487.71 |

Punitive Damages:
In addition to the special damages as noted above, Mr. Ward seeks punitive damages from Meredith Corporation of $3,884,512.29. The rationale for pursuing punitive damages against Meredith Corporation is directly related to their having enabled Benjamin Eugene Currie's continued deceitfulness, and for being effectively complicit in the eventual denouement related to Mr. Ward's loss of employment. As an example, in response to seeing an emailed version of the 01/25/2021 Cease & Desist order, Mr. Ward immediately reached out to the Meredith Corporation General Counsel, Norbert Kaut, via phone on 01/26/2021; the General Counsel expressed ignorance that an HR complaint had been filed by Mr. Ward in July 2020, let alone that mismanagement had been found. Additionally, on a 01/29/2021 follow-up phone call (instigated by Mr. Ward in an attempt to determine why his LCS computer was "under investigation", as noted by his LCS supervisor earlier in the day), Kaut commented that Meredith Corporation had attempted "to get (Mr. Ward's) attention" via the issuance of the Cease & Desist order, which unbeknownst to Mr. Ward pre-01/29, had also been issued to his new employer - which, as noted elsewhere, directly caused the adverse material effect on Mr. Ward's career. Had Meredith Corporation reached out to Mr. Ward directly following Currie's spurious 01/21/2021 "Whistleblower" complaint, Mr. Ward certainly would have clearly pointed out the July 2020 HR complaint, which, based on his protected status as defined via the Fair Labor Standards Act of 1938, would have left his new employer effectively uninvolved [and, therefore, termination on 02/01/2021 would have been highly improbable - please see Appendix for further support]. Mr. Ward, who will turn 60 on 10/31/2021, had every intention of ending his career with LCS; in its blind effort to inappropriately follow-up on Currie's 01/21/2021 de facto attempt at retaliation, Meredith Corporation created a tainted portrayal of Mr. Ward to his new employer, which, in the context of his new position as a Senior Manager over risks and controls for the organization, compromised Mr. Ward's perceived ability to effectively perform that role (as well as raising the specter of questionable integrity). Thus, Mr. Ward's career has effectively become collateral damage to Meredith Corporation's January 2021 willful misconduct (and negligence vis-à-vis the HR complaint), the residue of which inappropriately sullied Mr. Ward's character, integrity, reputation and value.

From an FLSA ethical perspective, if an individual cannot submit a complaint with HR with respect to Meredith-assigned bad management, which was found to be true by the Meredith Corporation VP of HR, without fear of retaliation (in this case, in absentia six months later), consistent, effective HR-related complaint resolution (basic employment-related justice, really) for any single worker – in this case, for those with, or formerly with, Meredith Corporation - can no longer be assumed/assured. Conversely, and contrary to the adverse retaliatory efforts versus Mr. Ward, Currie suffered no known punishment due to the July 2020 complaint which, as noted, was found to be bona fide by the Meredith Corporation VP of HR (e.g., he kept his title as "Manager" contrary to internal Meredith Corporation policy – i.e., absent Mr. Ward, Currie no longer managed anyone, which was the explanation given to Mr. Ward in October 2018 by Karen Johnson, Assistant Controller, Meredith Corporation, when he was effectively demoted from the SOX Compliance Manager title he enjoyed while in a contract-to-hire status, to Senior Compliance Analyst, which was a condition in his agreement to become a full-time Meredith Corporation employee (although his day-to-day duties remained unchanged); nor did Currie's pay, or overt status within the department, appear to be impacted in any way)(in fact, after the July 2020 complaint, Steve Cappaert, SVP/Controller, Meredith Corporation, continued to support Currie – including the violation of policy related to Currie's retention of the "manager" title - to the detriment of Mr. Ward). Anecdotally, Currie left Meredith Corporation on 02/10/2021, three weeks after his fallacious, abusive communication concerning Mr. Ward

Pro Se 8 (Rev. 12/16) Complaint for Violation of Fair Labor Standards

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/14/2021

Signature of Plaintiff: Gregory Joseph Ward
Printed Name of Plaintiff: Gregory Joseph Ward

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**From:** Kelderman, Ross <keldermanross@lcsnet.com>
**Sent:** Thursday, January 28, 2021 4:36 PM
**To:** Victor, Jason <victorjason@lcsnet.com>
**Cc:** Ward, Greg <wardgreg@lcsnet.com>
**Subject:** SOC Update

Jason-

Just got off a call with Jeannine and Ilknur. They received Greg's review of our SOC reports yesterday and in their words he "hit it out of the park" and they'd like all their operators to use the template he made up and may be leading to changes in the way Peak looks at things internally as well. I can tell that they are tired and stressed with where they are at in their year end close but they were glowing with excitement around this SOC review. We are so fortunate to have Greg's drive for excellence and experience on our team particularly with driving our impression with LCS's largest client.

As I listened to them describing Greg's work, it really resonated with me that at *Experience is Everything* and I was proud to be on the LCS end of the call today.

Greg will be off tomorrow for his uncle's funeral but for that payroll control I do think we are in a place where I'd like Greg to take that off your plate. Would you be able to schedule something Monday morning to go through January together?

Thanks!
Ross


Ross Kelderman, CPA
Sr. Director – Financial Reporting


Teams: 515 875 4711
Mobile: 515 650 3250
Fax: 515 875 4780

LCSnet.com

<image005.png>

Capital Square • 400 Locust Street Suite 820 • Des Moines, IA 50309
LCS is growing. Click here to join our team!

<image006.png>

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipients, and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.